Thomas J. Nolan (SBN 48413)
Emma Bradford (SBN 233256)
Nolan, Armstrong & Barton LLP
600 University Ave.
Palo Alto, CA 94301
Tel. (650) 326-2980  Fax (650) 326-9704

Matthew Struger
Rachel Meeropol, *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th floor
New York, NY 10012

Counsel for Defendant Adriana Stumpo

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES, | Case No. CR 09-263 RMW |
| Plaintiff, | **DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| JOSEPH BUDDENBERG; MARYAM KHAJAVI; NATHAN POPE, and ADRIANA STUMPO, Defendants. | Date:   July 13, 2009<br>Time:   9.00 a.m.<br>Court:  Hon. R. Whyte |

The Government's Brief fails to address several of Defendant Stumpo's central arguments and relies instead on irrelevancies and rhetoric. For this reason, and each of the arguments set out below, the indictments of Defendant Stumpo and her co-defendants must be dismissed. Co-defendants Buddenberg, Pope and Khajavi, through their attorneys of record, each join in this reply.

## INTRODUCTION

Defendants challenge the AETA as overbroad and vague on its face. The overbreadth and vagueness doctrines allow a defendant to argue a statute is unconstitutional as applied to others irrespective of whether the statute is constitutionally applied to her. This is the "strong medicine" of the overbreadth doctrine. *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

Defendant Stumpo brings a facial challenge, and yet the Government focuses considerable attention on factual allegations. Indeed, the Government relies on the specific acts Defendants are alleged to have undertaken in four separate sections of their brief, both applying these allegations to legal issues, (Government Opposition to Motion to Dismiss, hereafter "Gov't Brief" at 5, 8 & 10), and to purportedly provide background. *Id.* at 2.

Defendant Stumpo only recently received discovery from the government. An as-applied challenge before Defendant Stumpo has a chance to review the discovery in detail would be premature. For that reason, Defendant Stumpo explicitly reserved her right to file an as-applied challenge at a later date. Defendant's Motion to Dismiss, hereafter "Stumpo Brief" at 3 n1. The Government is free to emphasize factual allegations and apply them to legal principles if and when Defendant Stumpo files such a motion. For the purposes of this motion, however, the factual allegations against her are irrelevant either as background or applied to legal principles. Even more irrelevant are the United States' exaggerations and mischaracterizations of the facts at hand. *See* Gov't Brief at 8 (characterizing allegations of chanting and trespass as "terrorizing"); and at 10 (accusing Defendants of "explicit and subtle references to arsons"). This rhetoric is as inexplicable as it is self-contradictory.

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*
2

Moreover, the Government ignores the fact that Defendant Stumpo not only challenges the AETA as a whole, but also argues that each provision of the law is facially vague and overbroad. The Government argues that Stumpo has no standing to do the former, and proceeds to completely ignore her arguments regarding the latter. In this way, the Government fails to address whole sections of Defendant Stumpo's motion, including her arguments regarding the intent requirement of subsection (a)(1), the entirety of subsection (a)(2)(C), and the definitions and rules of construction. (*See* Stumpo Brief at 7-8, 14, 17). These are each sections under which Stumpo has been charged, or presumably could be sentenced. By failing to respond to Defendant's arguments, the Government appears to concede their merit.

## ARGUMENT

### I. Defendants Have Standing to Challenge the Entire Statute

The Government concedes that Defendant Stumpo has standing to challenge certain provisions of the AETA, but argues she lacks standing to mount a facial challenge to 18 U.S.C. § 43 (a)(2)(A) because she has not been charged under that provision. The Government makes no other response to Defendant Stumpo's vagueness and overbreadth challenges with respect to this section.

The United States relies on one case, *Service Employees International Union v. Municipality of Mt. Lebanon*, 446 F.3d 419, 424 (3d Cir. 2006), for the proposition that a criminal defendant only has standing to challenge the discrete subsection of a criminal statute with which they are charged. See Gov't Brief at 3 – 4. *SEIU*, however, provides no support for this broad rule. That case involved a labor organization's challenge to a municipal ordinance regulating canvassing and solicitation. 446 F.3d at 421. The Union engaged in canvassing; it never engaged in soliciting, nor did it plan to solicit in the future. *Id.* at 424. It was thus "completely unaffected by the permitting requirement applicable to solicitors." *Id.* Because "canvassing and soliciting are two distinct and mutually exclusive activities" and "separate regulatory requirements attach depending on which activity an individual plans to engage in" (*id.* at 422), the Third Circuit held that SEIU lacked standing to bring a facial overbreadth challenge to the solicitation provision.

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*

3

The Third Circuit concluded that standing rules do not "allow a party to challenge a regulation that is wholly inapplicable to the party, regardless of the regulation's location in the statute books." *Id.* at 425.

The *SEIU* rule has no application in a facial challenge to a criminal statute, nor should it. First, neither the criminal complaint nor the indictment in this case specify the subsection of the AETA Defendant Stumpo is charged under, nor has Defendant Stumpo received any guarantee that she will not be subject to further charges. Indeed, the Government is free to charge a criminal defendant with an additional substantive count at any time, barring prejudice. This happens frequently; especially if the provision giving rise to the initial charge is struck down. *See, e.g.,* Mark Hamblett, *New Charges Lodged Against Lynne Stewart,* Law.com, Nov. 20, 2003 (after district court dismissed material support indictment under 18 U.S.C. 2339B, Stewart was re-indicted under 18 U.S.C. 2339A for a new material support count arising from the same conduct). The same course of conduct could easily give rise to charges under (a)(2)(A) and (a)(2)(B) of the AETA, as the statutory provisions are closely related, not distinct or mutually exclusive.

Given the interrelated nature of the statutory provisions and the threat of additional charges, Defendant Stumpo satisfies the Constitutional requirements for standing. For this reason, the Court should consider the vagueness and overbreadth of the AETA as a whole.

## II. The AETA is Overbroad & Vague

Even if Defendant Stumpo lacks standing to challenge subsection (a)(2)(A) of the AETA, her facial challenge must still prevail.

### A. The AETA Reaches a Substantial Amount of Protected Speech and Conduct

Defendant Stumpo's overbreadth argument is not nearly as narrow as the Government claims. The United States argues that subsection (a)(2)(B) itself does not limit protected speech or conduct, because it only reaches true threats. In making this argument, the Government ignores the impact of sections (a)(1), (a)(2)(C), and (b), sections the Government concedes Defendant Stumpo has standing to challenge.

---

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*
4

According to the United States, Defendant Stumpo is charged with attempt under section (a)(2)(C). Gov't Brief at 3. As Defendants argued in their Motions to Dismiss, subsection (a)(2)(C) is impermissibly broad, because it allows for criminal liability based only on an attempt to travel or use the mail for the purpose of damaging or interfering with the operations of an animal enterprise. *See* Stumpo Brief at 17-19. The breadth of this provision is limitless. It reaches *all* lawful protest activity undertaken to educate the public about animal experimentation, not to mention other protests or boycotts of corporations and universities that happen to use animal products. Tellingly, the Government fails to defend or even mention the reach of (a)(2)C in their response.

That Defendant Stumpo is charged with an (a)(2)(C) attempt to violate the AETA in conjunction with subsection (a)(2)(B) might be relevant to an as-applied challenge, but does not affect the instant analysis. On its face subsection (a)(2)(C) reaches a substantial amount of protected speech, and must be struck down as unconstitutionally overbroad.

Similarly, the breadth of AETA's purpose requirement taints the entire statute. Subsection (a)(1) requires, as an element of any AETA offense, that an individual act "for the purpose of damaging or interfering with the operations of an animal enterprise." The Government recognizes that "damage" is not defined in the statute and argues that it should be construed based on its "common meaning" as "loss or harm resulting from injury to person, property, *or reputation*." Gov't Brief at 9 (emphasis added). Penalties under section (b) of the statute are explicitly based on the amount of an animal enterprises' lost profit and increased operating costs. As Defendant Stumpo argued in her motion to dismiss, lawful protests and boycotts frequently cause harm to reputation, and may also result in increased operating costs.

Both provisions reach a substantial amount of protected speech and conduct; this truth is not negated by the fact that a violation under (a)(2)(B) of the AETA *also* requires a threat, harassment or intimidation. The Government is correct that true threats may be punished. However, the AETA does not ban a true threat alone, rather, it proscribes threats, harassment and intimidation that are *combined* with the protected speech and conduct proscribed in a(1). Thus

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*

5

subsection (a)(1)'s overbreath spills over to render subsection (a)(2)(b) constitutionally infirm. *See Berger v. City of Seattle*, No. 05-35752, 2009 U.S. App. LEXIS 13609, *47 n.19 (9th Cir. June 24, 2009) (en banc) (rule overbroad where it relies on separate, unconstitutionally overbroad, definition). Where one or more elements of a statutory offense is overbroad, the inclusion of an element of unprotected speech cannot save the statute as a whole. For this reason, the relevant provisions of the AETA must be struck down as facially overbroad.

### B. Defendants Need Not Show the AETA is Vague in Every Application

Moreover, even if the Court disagrees and denies Defendant Stumpo's overbreadth argument, her vagueness challenge may proceed separately. Whether or not the AETA reaches a "substantial" amount of protected speech or conduct, the Government errs by arguing that Defendant Stumpo must show the AETA is impermissibly vague in every application. Gov't Brief at 7.

The "vague in every application" test applies only to vagueness challenges brought outside of the First Amendment context. *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971-73 (9th Cir. 2003) (in vagueness challenge to maintenance and habitability restrictions hotel must show vagueness in every application). *See also Humanitarian Law Project v. United States Dep't of Treasury*, 463 F. Supp. 2d 1049, 1062 n.8 (C.D. Cal. 2006) ("*Outside the First Amendment context*, a statute is unconstitutionally vague on its face only if it is vague in all of its applications.") In the First Amendment context, courts routinely strike down vague statutes that have some legitimate applications. In *Humanitarian Law Project v. Mukasey*, 509 F.3d 1122, 1136 (9th Cir. 2007), for example, the Court held that a prohibition on providing "training" to a terrorist organization did not reach a substantial amount of speech, and thus rejected Plaintiff's overbreadth challenge. Despite this holding, the Ninth Circuit struck down the provision as unconstitutionally vague without requiring Plaintiffs to show the law was vague in every application. *Id.* at 1134-35. Although one could easily imagine constitutional applications of the provision in question, it was unlawful because it might reach *some* protected first amendment activity. *Id.* at 1134. *See also, Reno v. ACLU*, 521 U.S. 844 (1997) (prohibition on transmitting

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*
6

indecent materials to minors found vague despite fact the prohibition would be constitutional in many applications).

Because Defendant Stumpo challenges a law that infringes upon First Amendment activity, she need only show the AETA "fails to notify a person of ordinary intelligence as to what conduct" it prohibits. *Mukasey*, 509 F.3d at 1133. "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey* 306 U.S. 451, 453 (1939). "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally v. General Construction Co.* 269 U.S. 385, 391 (1926). See also, *Kolender v. Lawson* (1983) 461 U.S. 352, 357 (void for vagueness doctrine seeks to avoid "arbitrary and discriminatory enforcement."); *Village of Hoffman Estates* is instructive in how that test is applied:

> The degree of vagueness that the Constitution tolerates… depends in part on the nature of the enactment. Thus, economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action… The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe…. [P]erhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights. If, for example, the law interferes with the right of free speech or of association, a more stringent vagueness test should apply.

455 U.S. at 498-99.[1]

### C. The AETA Fails to Provide Notice as to Prohibited Conduct

The Government provides no response to Defendant Stumpo's argument that the AETA's intent requirement (subsection (a)(1)) renders the statute unconstitutionally vague because it invites discriminatory enforcement and requires an individual to guess as to prohibited conduct.

---

[1] Overbreadth analysis works in concert with vagueness analysis. "In making [an overbreadth] determination, a court should evaluate the ambiguous as well as the unambiguous scope of the enactment. To this extent, the vagueness of a law affects overbreadth analysis." *Id.* at 494 n.6 (internal citation and quotation marks omitted).

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*

7

*See* Stumpo Brief at 14 -17; *See also Berger,* 2009 U.S. App. LEXIS 13609 at *54-*55 (requirement that officer determine content of message is evidence regulation is content-based). This argument alone provides grounds for the Court to strike down the statute as a whole.

The United States' response to Congress's failure to define key terms in the AETA is also unavailing. The Government relies on *United States v. Bucher*, 375 F.3d 929 (9th Cir. 2004) and *United States v. Willfong*, 274 F.3d 1297 (9th Cir. 2001) for the proposition that there is nothing vague about the term "interfere." But neither case involved a vagueness challenge; rather each involved a Defendant's argument that his behavior did not constitute "interference." *Bucher*, 375 F.3d at 932; *Willfong*, 274 F.3d at 1301.

Unlike the AETA, the statutes in question in *Bucher* and *Willfong* are of limited reach: Mr. Willfong was charged with violation of 36 C.F.R. § 261.3(a) "threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System." Mr. Bucher was charged with violation of 36 C.F.R. § 2.32 (a)(1): "threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty." As Defendant Stumpo explained in her motion to dismiss, a statute is not vague when it includes modifying language that provides parameters of conduct. *See* Stumpo Brief at 17, *citing United States v. Cassel*, 408 F.3d 622 (9th Cir. 2005). In *Willfong* and *Bucher*, the statutes give defendants notice of the sort of interference that is punishable: that which targets a forest officer or a government employee in the context of that individual's performance of his/her duties. Because the definition of an animal enterprise is so broad, interference is not bounded by any statutory context, and thus AETA fails to provide potential defendants with fair notice.

### III. The Government Fails to Defend the Content and Viewpoint Neutrality of the AETA

As Defendant Khajavi argued in her motion to dismiss, the First Amendment prohibits the government from regulating speech on the basis of content or viewpoint. *Members of City Council*

---

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS**
*United States v. Buddenberg, CR 09-263RMW*

8

*v. Taxpayers for Vincent*, 466 U.S. 789, 804 (1984). The Government contends the AETA is lawful because it proscribes only unprotected true threats. Gov't Brief at 4-5.

Even assuming, *arguendo*, that the AETA reaches only true threats, the Government misses the point. Content and viewpoint neutrality looks not at whether speech or conduct is protected, but at *how* the government regulates speech or conduct (whether protected or unprotected). Thus a law restricting incitement to riot in furtherance of a pro-life cause would be unconstitutionally content based. As the Supreme Court explained in *R.A.V. v. St. Paul*:

> We have sometimes said that these categories of expression are not within the area of constitutionally protected speech, or that the protection of the First Amendment does not extend to them. Such statements must be taken in context, however, and are no more literally true than is the occasionally repeated shorthand characterizing obscenity as not being speech at all. What they mean is that these areas of speech can, consistently with the First Amendment, be regulated *because of their constitutionally proscribable content* (obscenity, defamation, etc.) -- not that they are categories of speech entirely invisible to the Constitution, so that they may be made the vehicles for content discrimination unrelated to their distinctively proscribable content. Thus, the government may proscribe libel; but it may not make the further content discrimination of proscribing *only* libel critical of the government....
>
> Our cases surely do not establish the proposition that the First Amendment imposes no obstacle whatsoever to regulation of particular instances of such proscribable expression, so that the government may regulate them freely. That would mean that a city council could enact an ordinance prohibiting only those legally obscene works that contain criticism of the city government or, indeed, that do not include endorsement of the city government. Such a simplistic, all-or-nothing-at-all approach to First Amendment protection is at odds with common sense and with our jurisprudence as well.

505 U.S. 377, 383-384 (1992) (citations and internal quotation marks omitted).

The law of this Circuit is that "when the definition of a crime or tort embraces any conduct that might cause a certain harm, and the law is applied to speech whose communicative impact causes the relevant harm, we treat the law as content-based." *Cassel*, 408 F.3d at 626. In *Cassel*, the Ninth Circuit held that a law prohibiting hindrance of the purchase of public land through intimidation was content-based because its applicability turned on the subject matter of the defendant's speech. *Id.* at 626-27. Similarly, the Ninth Circuit en banc recently struck down a

prohibition on active solicitation by street performers because the rule, "by its very terms, singles out particular content for differential treatment." *Berger* at *51.

Like the laws at issue in *Cassel* and *Berger*, the AETA applies to speech based on the content of the message and the viewpoint of the messenger. A demonstrator protesting outside a fur store who threatens the owner of the store may be prosecuted under the AETA. But if the owner of the store made the same threat to the demonstrator, no AETA prosecution could occur. That demonstrator's sentence under the AETA's penalty section would turn on the amount of lost profit his fur protest causes; a pro-fur customer who threatened the store owner over a discovered infidelity would face a lesser sentence under the AETA if the content of his speech failed to convince others to avoid the store in question. Because the AETA's reach depends on the content of speech or the viewpoint of the actor, it must be analyzed as a content and viewpoint based statute.

## CONCLUSION

For the foregoing reasons, this court should declare the AETA unconstitutionally vague and overbroad. Consequently, the indictment against Ms. Stumpo and each of her co-defendants should be dismissed.

Date:  June 29, 2009               Respectfully submitted,

                                   /s/
                                   Thomas J. Nolan
                                   Emma Bradford
                                   Nolan, Armstrong & Barton
                                   Attorneys for Defendant, Adriana Stumpo


                                   /s/
                                   Matthew Strugar
                                   Rachel Meeropol, *pro hac vice*
                                   Center for Constitutional Rights
                                   Attorneys for Defendant, Adriana Stumpo

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
*United States v. Buddenberg, CR 09-263RMW*
10